# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORESA S. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-379-SPS |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks attorney's fees and costs in the amount of $8,348.90 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion for Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 30]. The Commissioner objects and urges the Court to deny the request. For the reasons set forth below, the Court agrees with the Commissioner and finds that fees under the EAJA should not be awarded in this case.

Under 28 U.S.C. § 2412(d)(1)(A), "[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." "The test

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness." *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988). In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258.

On appeal, the Plaintiff asserted that the ALJ erred by failing to consider all the evidence at steps four and five, including evidence related to episodes of decompensation and other mental impairment evidence, failed to properly apply the Medical-Vocational Guidelines, and improperly assessed her credibility. This Court found that the ALJ's opinion did not reflect how he would have evaluated the claimant's subjective statements under the recently-issued Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016). The Commissioner asserts that her position was substantially justified because: (i) the

Plaintiff did not raise the argument regarding Soc. Sec. Rul. 16-3p and the Court even stated that the ALJ's analysis was "arguably sufficient under the old standard," and (ii) the new ruling and its effects on cases pre-dating its issuance was an unsettled question of law, so the Commissioner's position was substantially justified. The Court agrees with the Commissioner and thus finds that the Commissioner's position on appeal was reasonable in both law and fact, and that the Commissioner's position was therefore substantially justified. *Compare with Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review."). *See also Cantreras v. Barnhart*, 79 Fed. Appx. 708, 709 (5th Cir. 2003) (per curiam) ("Contreras's attorney did not brief the issue that served as the basis for the remand and the attorney's efforts did nothing more than to keep Contreras's case alive."). Because the Commissioner's position was substantially justified, the Court finds that an award of attorney fees in favor of the Plaintiff is therefore precluded.

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 30] is hereby DENIED.

**IT IS SO ORDERED** this 29th day of September, 2017.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma